**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | | |
|---|---|---|
| UNITED STATES | * | |
| | * | |
| | * | |
| V. | * | No. 4:04CR00185 SWW |
| | * | |
| JEFFREY LYNN JONES | * | |
| | * | |
| | * | |
| | * | |

**ORDER**

On January 18, 2005, Defendant Jeffrey Lynn Jones pleaded guilty to possessing marijuana in prison in violation of **18 U.S.C. § 1791**, and on January 19, 2005, the Court sentenced him to a six-month prison term, to run consecutive to an undischarged prison term that he is currently serving in the Federal Correctional Institute in Englewood, Colorado.

By letter to the Court dated April 4, 2011, Jones requested that his six-month sentence be modified to run concurrently with the sentence he is currently serving. In support of his request, Jones states, among other things, that he has completed nine months in a residential drug abuse program and recently learned that his six-month sentence renders him ineligible for a one-year sentence reduction normally available under the program.

By order entered April 6, 2011, the Court directed Jones to notify the Court whether he consents to reclassification of his letter as a motion to vacate, set aside, or correct his sentence

pursuant to **28 U.S.C. § 2255**. Jones has consented to reclassification.[1] *See* docket entry #34. Accordingly, Jones's *pro se* letter for relief (docket entry #31) is hereby reclassified as a motion to vacate, set aside, or correct his sentence pursuant to **28 U.S.C. § 2255**.

Jones's motion must be denied as time-barred. **Title 28 U.S.C. § 2255(f)** provides a one-year statute of limitations for § 2255 motions. The limitation period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. **28 U.S.C. § 2255(f)(1)-(4)**.

Because §§ 2255(f)(2), (3) and (4) are inapplicable to this case, the one-year statute of limitations for Jones's motion began to run on the date on which the judgment of conviction became final. Jones's judgment of conviction was entered on January 28, 2005, and because he did not file a direct appeal, his conviction became final on February 3. 2005, when the ten-day period for filing a notice of appeal expired. ***See Never Misses A Shot v. United States*, 413 F.3d 781, 782 (8th Cir.2005)**(stating that, where the defendant failed to file a direct appeal, his conviction became final 10 days after the entry of judgment); Fed. R. App. P. 4(b)(1)(A)(setting a

---

[1]Jones consented to reclassification by letter dated April 14, 2011. However, chambers inadvertently failed to notice Jones's April 14, 2011 letter until recently. As a result, through no fault of the Clerk's Office, the Jones's April 14, 2011 letter was not entered on the record until July 8, 2011.

10-day time limit for filing a notice of appeal in a criminal case); **Fed. R. App. P. 26(a)(2)** (delineating the method for computing the 10-day period and excluding the first day of the period, intermediate Saturdays, Sundays and legal holidays).

The Eighth Circuit Court of Appeals has held that the doctrine of equitable tolling applies to **28 U.S.C. § 2255** motions. *See* ***United States v. Martin*****, 408 F.3d 1089, 1092-93 (8th Cir.2005)**. However, this equitable doctrine only applies "where 'extraordinary circumstances' beyond a prisoner's control prevent timely filing." *Id*. at 1093. Here, Jones alleges no facts indicating that extraordinary circumstances beyond his control prevented him from filing a timely motion under § 2255. Jones's recent discovery that he is not eligible for a sentence reduction does not amount to extraordinary circumstances that prevented timely filing in this case.

IT IS THEREFORE ORDERED that Defendant's motion pursuant to **28 U.S.C. § 2255** is DISMISSED AS TIME-BARRED.

IT IS SO ORDERED THIS 25TH DAY OF JULY, 2011.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE